IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    **Criminal Action No. 1:08-cr-241** |
| v. | : |
| | :    **(Chief Judge Kane)** |
| GREGORY HALL, | : |
|     Defendant | : |

## MEMORANDUM

Before the Court is Defendant Gregory Hall's motion to suppress evidence. (Doc. No. 24.) In his motion, Defendant challenges evidence obtained as the result of a search of his van because, although the search was conducted pursuant to a search warrant, Defendant claims all evidence is the fruit of an illegal seizure. The Government claims there was probable cause to seize the van pursuant to Pennsylvania's forfeiture statute, and thus all evidence obtained from the van thereafter was lawfully obtained pursuant to a search warrant. For the reasons that follow, Defendant's motion will be denied.

**BACKGROUND**

On October 3, 2007, the York City Police Department received a tip from a confidential informant that Defendant, Gregory Hall, was seen parking a 1998 red Chevrolet Venture van behind 321 Duke Street and entering the apartment of Ashley Smith, with whom he was known to occasionally stay. (Doc. No. 27 at 1.) Because there were several outstanding warrants for arrest against Hall, some of which were for probation violations, but at least one of which was for the sale of crack cocaine, Detective Nadzom gathered other officers and traveled to 321 Duke Street to arrest Hall. (Doc. No. 30 at 2.)

Within approximately one or one-half hour from the time of the tip, the officers entered

the building and found Defendant in Ms. Smith's apartment. Defendant had in his possession 5 pills of ecstacy and $401 cash. (Doc. No. 30 at 2.) Defendant was arrested on the basis of the outstanding warrants and possession of the ecstacy pills. (Doc. No. 27 at 2.) Detective Nadzom then took the keys to the vehicle[1] and seized it to begin forfeiture proceedings. Tr. 27. The van was searched pursuant to a routine inventory search and parked in the impound lot without any additional evidence being found. Tr. 9-10.

While being processed at the police station, Defendant stated to police officers that the pills were for personal use only and that he was currently unemployed. (Doc. No. 30 at 2.) Police also learned from Ms. Hall that the van was registered in her name, but had been purchased by Defendant for $1500-$2000 approximately a month prior to the arrest. (Doc. No. 30 at 2.)

On October 19, 2007, the police received another tip from a confidential informant relating that a quantity of cocaine was located in the van. (Doc. No. 30 at 2.) A canine sniff of the vehicle corroborated the informant's tip, and the police obtained a warrant based on the tip and the results of the canine test. (Doc. No. 27 at 2.) In executing the warrant, the police found 101 grams of cocaine and a digital scale hidden in a compartment in the driver's side door of the vehicle. (Doc. No. 27 at 2.)

**DISCUSSION**

The Third Circuit requires that a warrantless seizure of a vehicle be authorized by statute and that it also be consistent with Fourth Amendment standards. United States v. Salmon, 944 F.2d 1106 (3d Cir. 1991). In the case *sub judice*, the York City Police Department seized

---

[1] It is in dispute whether the keys were found in Defendant's front pocket with the ecstacy, or whether they were on the bed near Defendant at the time of his arrest.

Defendant's vehicle pursuant to 42 Pa. Const. Stat. Ann. § 6801(a), (b)(4) which provides, in relevant part, that any "vehicles or vessels, which are used or are intended for use to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of [controlled substances or drugs]" are subject to forfeiture. Seizure without process may occur if "there is probable cause to believe that the property has been used or is intended to be used in violation of The Controlled Substance, Drug, Device and Cosmetic Act." 42 Pa. Const. Stat. Ann. § 6801(b)(4). The Third Circuit has held that a warrantless seizure supported by probable cause does not offend the Fourth Amendment. Salmon, 944 F.2d at 1119. Probable cause is defined as "reasonable grounds for the belief of guilt supported by less than *prima facie* proof but more than mere suspicion." United States v. $734,578.82, 286 F.3d 641, 648 (3d Cir. 2002).

The question before the Court, then, is whether, at the time the police seized the vehicle, there was probable cause to believe the vehicle had been used or was intended to be used for the transportation, or facilitation of possession or sale, of controlled substances. This is a broad standard, encompassing the van's use in past or future conduct and possession, as much as the sale of a controlled substance. As Defense counsel pointed out at the suppression hearing, the Government has not proved that Defendant used the van to transport drugs or that he possessed drugs while using the van, however, such is not the standard here. The Government only need show it had probable cause to suspect that the van either had been used or was intended to be used to transport or to possess drugs.

At the time the police made the seizure and arrest, Defendant had not stated that he intended to use the drugs for personal use or that he was unemployed. (Doc. No. 30 at 2.) However, the officers did know Defendant had been involved in past drug sales; there was an

outstanding warrant for Defendant's arrest based on the delivery of cocaine; Defendant was known to use the vehicle, although it was not registered in his name; Defendant had just arrived at the apartment in the vehicle; Defendant was found with drugs and a significant amount of cash in his pocket; and the keys to the vehicle were found either in the Defendant's possession or within his reach. Put together, all these facts make it highly probable, although they do not conclusively establish, that Defendant had brought the drugs to Ms. Smith's apartment in the van or that he intended to depart with the drugs by using the van. Because that is all that is required under Pennsylvania law to support a warrantless seizure of a vehicle, the Court finds that the seizure of Defendant's vehicle was not unlawful under the Fourth Amendment.

After the vehicle was seized, the police lawfully obtained a warrant based on probable cause–the information of a reliable informant augmented and corroborated by a canine sniff–before conducting any further search of the vehicle, aside from the uncontested inventory search. Defendant does not claim that the search was invalid as beyond the scope of the warrant, only that the warrant was invalid because it was obtained as a result of the illegal seizure. Because the Court finds that the seizure was lawful, it further concludes that the subsequent search, conducted pursuant to a valid search warrant, was lawful.

Accordingly, Defendant's motion to suppress evidence will be denied.  An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT**

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal Action No. 1:08-cr-241** |
| **v.** : | |
| : | **(Chief Judge Kane)** |
| **GREGORY HALL,** : | |
|     **Defendant** : | |

## ORDER

**AND NOW** this 24th day of November, 2008, upon consideration and oral argument of Defendant's motion to suppress evidence (Doc. No. 24) **IT IS HEREBY ORDERED** that Defendant's motion is **DENIED.**

                                          S/ Yvette Kane
                                          Chief Judge Yvette Kane
                                          United States District Court
                                          Middle District of Pennsylvania